IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEROY ALLEN BENTON, | ) | |
| Plaintiff, | ) | Civil Case No. 7:20-cv-00761 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CAPTAIN WIMMER, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Leroy Allen Benton, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, naming four defendants: Captain Wimmer, the Harrisonburg Police Department, the Rockingham Sheriff Department, and the Rockingham County Jail. (Compl., Dkt. No. 1.)

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Benton's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1). Furthermore, nothing about his allegations suggest that an opportunity to amend would cure the deficiencies in his complaint. Accordingly, the court will dismiss this action with prejudice.

I.  FACTUAL BACKGROUND

Benton's complaint alleges that on an unspecified date, while he was incarcerated at the Rockingham Regional Jail, four unidentified inmates came into his cell and robbed him at knifepoint, threatening to kill him if he came out of his cell or if he told anyone. Shortly afterward, he told one of the correctional officers that he would like to leave the pod, and he explained what happened. Benton was then taken to classification and placed on another "block." Defendant Captain Wimmer told him that the situation was under investigation and any pertinent video would be reviewed. Another correctional officer later told Benton that a magistrate judge had directed "them" to give the video tape to defendant "Harrisonburg police department, who said give it to the Rockingham police department." (*Id.* at 3–4.) Benton was then told it would be handled "in house," but nothing ever came of it. He states that he asked to press charges and that request was denied. His complaint asks for due process, and argues that his rights—although he does not identify which ones—were "clearly" "violated." (*Id.* at 4.) For relief, he asks that he be permitted to press charges or to receive an unspecified amount of money damages. (*Id.* at 2.)

II.  DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted). It is unclear exactly what claims Benton is bringing, but, regardless, the facts he has alleged fail to give rise to a constitutional violation. The court addresses three possible claims: (1) a claim based on a failure to investigate or prosecute the inmates who robbed him; (2) a claim based on the deprivation of his property; and (3) a failure-to-protect claim under the Eighth Amendment.

Before turning to those claims, the court notes that some of the defendants are not proper defendants. First, the jail itself is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992). Similarly, to the extent Benton is attempting to sue a local police department, such entities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). An entity is liable under *Monell* only where the entity's official policy or custom played a part in the alleged violation of federal law, *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985), such that the entity itself is a "moving force" behind the deprivation, *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). Benton does not allege that any official policy or custom of any defendant was responsible for the conduct of which he complains. For these reasons, all defendants except Wimmer are subject to dismissal.

Turning to his potential claims, any claim that his constitutional rights were violated by the lack of a criminal prosecution is unsupported by the law. Instead, "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases). Thus, Benton has no legal right to insist upon the criminal investigation or prosecution of the individuals who he claims robbed him. Consequently, his claims based on defendants' alleged failure to investigate or prosecute those individuals do not give rise to a cognizable claim under § 1983.

To the extent that he is claiming defendants deprived him of property, nothing in his complaint suggests that any of the defendants were responsible for that deprivation in the first instance. Even if they played some role in his not receiving his property back after it was taken, however, allegations that prison officials deprived an inmate of his property, whether intentionally or as a result of negligence, do not state a constitutional due process claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because Benton possessed tort remedies under Virginia state law, see Virginia Code § 8.01–195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case.[1] Thus, his claims based on the loss of his property must be dismissed pursuant to 28 U.S.C. § 1915A(b).

Lastly, there is no allegation in the case that Benton was injured in any way during the theft of his property, nor does he appear to be claiming that any defendant could or should have prevented the theft in the first place. To the extent his complaint could be interpreted as asserting a failure-to-protect claim, however, the allegations do not support such a claim. To prove a Section 1983 claim against an official for failing to protect him from injury, the prisoner plaintiff must establish that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) the defendant prison official had a "sufficiently culpable state of mind," one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is "somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995). Benton has not alleged any facts to show deliberate indifference by any

---

[1] Benton is not claiming that his property was destroyed pursuant to a prison policy, so the court need not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).

defendant. In particular, he has not alleged that any defendant knew or should have know he was at risk of being robbed.

Further, in order to succeed on a failure-to-protect claim, a plaintiff must show that the harm suffered was objectively serious, *i.e.*, he must show he suffered a "serious or significant physical or emotional injury." *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014). Benton's complaint does not allege that he suffered any physical or emotional injury, let alone a serious or significant one. Quite simply, he has not plausibly alleged a failure-to-protect claim.

### III.  CONCLUSION

For the foregoing reasons, the entirety of Benton's complaint is subject to dismissal. Thus, the court will summarily dismiss Benton's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: February 18, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge